NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASKAMALJIT SINGH,<br><br>       Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>       Respondent. | No.   17-72687<br><br>Agency No. A206-454-188<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

Jaskamaljit Singh, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review factual findings for substantial evidence, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the adverse credibility determination based on an omission concerning whether he lost consciousness after being attacked, and an inconsistency and implausibility regarding his attackers' references to his brother during the attacks.  *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (omissions supported adverse credibility determination where they did not constitute "a mere lack of detail" but "went to the core of his alleged fear").  Singh's explanations do not compel a contrary conclusion.  *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (IJ not compelled to accept explanations for discrepancies).  Substantial evidence also supports the finding that without credible testimony, Singh failed to establish eligibility for asylum or withholding of removal.  *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (applicant's documentary evidence insufficient to independently support claim).  Thus, Singh's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (failure to satisfy lower asylum standard results in failure to satisfy withholding standard).

2

We do not address Singh's contentions as to the merits of his asylum and withholding claims because the BIA did not deny relief on those grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA).

Substantial evidence supports the denial of Singh's CAT claim because it was based on the same evidence found not credible, and Singh does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Shrestha*, 590 F.3d at 1048-49.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**